# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE DARDEN, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 2:09CV00007 DDN |
| | ) | |
| SUSAN WANKEL, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Stephanie Darden (registration no. 1133000), an inmate at Chillicothe Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $37.85. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $189.25, and an average monthly balance of $14.07. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $37.85, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of her civil rights. Named as the defendant is Susan Wankel, a correctional officer at the Women's Eastern Reception Diagnostic and Correctional Center, plaintiff's former residence. Plaintiff asserts that she was subjected to a strip search by defendant Wankel in October of 2007. She claims that at the time of the strip search she was menstruating and was wearing a tampon. After informing defendant Wankel of this fact, defendant Wankel suggested they conduct the strip search in the women's restroom. Upon entering the restroom, plaintiff claims that she removed the tampon she was wearing and threw it in the toilet. Defendant Wankel informed plaintiff that she would need to remove the tampon from the toilet and place it in the trash. When

plaintiff asked defendant Wankel how she was supposed to remove the tampon from the toilet, defendant Wankel allegedly told her to just "use the toilet paper I gave you." Plaintiff claims that defendant Wankel's insistence on her removing the tampon from the toilet with toilet paper was a violation of her civil rights. Plaintiff seeks injunctive and monetary relief.

**Discussion**

The allegations in the complaint are duplicative of the allegations plaintiff brought in the case Darden v. Wankel, 2:08CV33 DDN (E.D. Mo.), which the Court dismissed pursuant to 28 U.S.C. § 1915(e). As a result, the complaint will be dismissed as duplicative. E.g., Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993).

Additionally, to the extent that the complaint contains any new allegations, it does not state a claim for a violation of any constitutional right. As a result, the complaint fails to state a claim under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $37.85 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is duplicative.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 27th Day of February, 2009.

　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE